**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| | : | **CASE NO. 11-40606-pwb** |
| **CHARLES DANIEL MCALLISTER, and** | : | **CHAPTER 13** |
| **FRANCIS DIANE MCALLISTER,** | : | |
| | : | |
| **Debtors.** | : | **JUDGE BONAPPEL** |
| | : | |
| | : | |
| **CHARLES DANIEL MCALLISTER, and** | : | |
| **FRANCIS DIANE MCALLISTER,** | : | |
| | : | |
| **Plaintiffs,** | : | **ADVERSARY PROCEEDING** |
| | : | |
| **v.** | : | **CASE NO: 11-04053-pwb** |
| | : | |
| **CITIMORTGAGE, INC.** | : | |
| | : | |
| **Defendant.** | : | |

**CITIMORTGAGE, INC'S REPLY IN SUPPORT OF ITS**
**PARTIAL MOTION TO DISMISS**

Plaintiffs' FDCPA and RESPA claims fail for numerous reasons:

- Plaintiffs' FDCPA claim fails because they do not plausibly allege that CitiMortgage is a "debt collector" and never identify any collection efforts;

- Plaintiffs' FDCPA claim fails because they do not allege their debt was in default at the time CitiMortgage acquired the loan. In fact, Plaintiffs' own Complaint indicates CitiMortgage held the loan for eleven (11) years before any issue arose (Compl. ¶¶ 26-31);

- Plaintiffs' RESPA claim under § 2605(e)(2) fails because they do not specifically allege any damages resulting from a RESPA violation; and

- Plaintiffs' RESPA claim under § 2605(i)(3) fails because no private right of action exists.

Plaintiffs do not meaningfully refute any of these arguments in their Opposition. (*See*

Doc. 12, Pls.' Br. Opp'n to Def.'s Partial Mot. Dismiss.)  In fact, Plaintiffs do not cite to any case

1961758 v1

law whatsoever in support of their claims. Instead, they only attempt (and fail) to distinguish two of the plethora of cases cited by CitiMortgage, never identify any specific damages associated with their RESPA claim, and improperly ask this Court for discovery to bolster their FDCPA claim.

Consequently, for the reasons stated below and in CitiMortgage's Memorandum of Law in Support of Partial Motion to Dismiss, the Court should dismiss Plaintiffs' FDCPA and RESPA claims with prejudice.

## ARGUMENT

### A.      Plaintiffs Have Not Plausibly Alleged That CitiMortgage Is A "Debt Collector."

Plaintiffs acknowledge that, to state a claim for violation of the FDCPA, the Complaint must offer sufficient factual allegations to show CitiMortgage is a "debt collector." (*See* Pls.' Br. Opp'n to Def.'s Partial Mot. Dismiss 4.) Plaintiffs argue that they plausibly alleged that CitiMortgage is a "debt collector" because their "mortgage loan *may have been* delinquent at the time Defendant acquired it." (Compl. ¶ 24) (italics added).

But as the Opposition all but admits, there simply is nothing else to support the contention that CitiMortgage is a "debt collector." Specifically, Plaintiffs (1) never allege CitiMortgage is a "debt collector"; (2) never identify any collection activities; and (3) seems to allege making eleven years of payments, from 1998 - 2009, without objection. (See Compl. ¶¶ 26-31). All of these factors point to CitiMortgage being the owner or servicer of Plaintiffs' loan, and not a "debt collector." See Hennington v. Bank of America, 2011 WL 705173 (N.D. Ga. Feb. 18, 2011) (upholding Magistrate Judge's dismissal of FDCPA claim because defendant Bank of America was a creditor of the plaintiff, not a debt collector); Jenkins v. BAC Home Loan Servicing, LP, 2011 WL 4543488, *2 (N.D. Ga. September 29, 2011) ("In this case, Plaintiff has not shown that either Defendant was acting as a 'debt collector' within the scope of

the statute. Since mortgage servicing is not considered debt collection activity, neither Defendant

can be considered a 'debt collector' for purposes of the FDCPA. Thus, Defendant BAC Home

Loan Servicing, LP ("BAC"), a mortgage servicer, and Defendant McCalla, a law firm acting

under the direction of BAC, are exempt from almost all claim under the FDCPA. Thus, Count I

[through VI] are all barred because the FDCPA is not applicable.").

Not only do the Plaintiffs own allegations not point to CitiMortgage being a "debt

collector," but they also fail to identify any case authority supporting their FDCPA claim.[1] Nor

do the Plaintiffs attempt to distinguish the vast majority of the cases cited by CitiMortgage in

support of dismissal. And the basis advanced by Plaintiffs to attempt to distinguish Siwulec v.

Chase Home Finance, LLC, 2010 WL 5071353 (D.N.J. Dec. 7, 2010) should be ignored.

Plaintiffs simply cannot escape from the holding in Siwulec that a FDCPA violation cannot be

based on "upon information and belief." Just as in Siwulec, Plaintiffs here do not unequivocally

allege their loan was in default when acquired by CitiMortgage and do not allege when

specifically their loan went into default. (See Compl.). Further, their own Complaint seems to

indicate they made eleven (11) years of payments to CitiMortgage without issue. (Compl. ¶¶ 26-

31). As the Siwulec Court plainly noted, a plaintiff alleging a FDCPA claim must "plead some

---

[1] The two cases cited by Plaintiffs -- Jenkins v. BAC Home Loan Servicing, LP, 2011 WL 4543488 (N.D. Ga. September 29, 2011) and Taggart v. Wells Fargo Home Mortg., Inc., 2010 WL 3769091 (E.D. Pa. Sept. 27, 2010) -- actually were cited in CitiMortgage's Motion to Dismiss and support the dismissal of the FDCPA claim. See Jenkins, 2011 WL 4543488, *2 ("In this case, Plaintiff has not shown that either Defendant was acting as a 'debt collector' within the scope of the statute. Since mortgage servicing is not considered debt collection activity, neither Defendant can be considered a 'debt collector' for purposes of the FDCPA. Thus, Defendant BAC Home Loan Servicing, LP ("BAC"), a mortgage servicer, and Defendant McCalla, a law firm acting under the direction of BAC, are exempt from almost all claim under the FDCPA. Thus, Count I [through VI] are all barred because the FDCPA is not applicable."); Taggart, 2010 WL 3769091, at *11 ("Loan servicers are not "debt collectors" under the FDCPA unless the debt being serviced was in default at the time the servicer obtained it.").

facts-rather than no facts-that would raise [their] claim above the speculative level." Siwulec, 2010 WL 5071353, ** 5-6.

Accordingly, because Plaintiffs (1) did not plausibly allege CitiMortgage is a "debt collector"; (2) did not specifically identify any collection activities; (3) did not provide the Court with any case law in support of the claim; and (4) only alleged that CitiMortgage "may have" acquired their loan while in default, the FDCPA claim must be dismissed.

**B.    Plaintiffs Cannot Cure The Pleading Deficiencies In Their FDCPA Claim Through Discovery.**

Likely realizing the futility of their FDCPA claim, Plaintiffs argue they should be allowed discovery to help them better plead their claim. (Pl's Opposition, p. 5). This is simply not allowed. Plaintiffs cannot cure their pleading deficiencies through discovery. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (stating that Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561, 127 S.Ct. 1955, 1968 (explaining that a claim will not survive a motion to dismiss based on "the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery"); Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1338 (11th Cir. 2010) (refusing to allow for discovery to bolster a cause of action "because it would absolve [plaintiff] of the responsibility under Twombly to plead facts 'plausibly suggesting' the relevant submarket's composition."). Thus, Plaintiffs cannot avail themselves of discovery to bolster their FDCPA claim, and the claim should be dismissed.

**C.    Plaintiffs Have Not Sufficiently Alleged Actual Damages Necessary To State A Claim Under RESPA.**

To state a claim under RESPA, a plaintiff must allege facts demonstrating actual harm caused by the alleged REPSA violation. *See Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833,

836 (11th Cir. 2010). [2] Plaintiffs argue that they have satisfied this burden, pointing to Paragraph

35 through 40 of the Complaint.[3] As plainly evident, however, none of these allegations relate to

CitiMortgage's alleged failure to respond to Plaintiffs' qualified written request. *See, e.g.*,

*Jenkins*, 2011 WL 4543488, at *5 (M.D. Ga. Sept. 29, 2011) (finding that the plaintiff's

allegations of "misapplication of payments, failure to credit payments to Plaintiff's account,

making repeated false claims of default, falsification of mortgage balances, and foreclosing on

the Subject Property" did not relate to "a failure to communicate that signifies a violation of

RESPA"). Stated another way, none of these allegations represent a "causal relationship between

---

[2] Plaintiffs note that a claimant may also recover statutory damages "in the case of a pattern or practice of noncompliance." (Pls.' Br. Opp'n to Def.'s Partial Mot. Dismiss 7 (quoting 12 U.S.C. § 2605(f)(1)). But there is no allegation of a pattern or practice of noncompliance in the Complaint, so statutory damages are not at issue here. *See Marks v. PHH Mortg. Corp.*, No. 5:11-CV-167 CAR, 2011 WL 5439164, at *3 (M.D. Ga. Nov. 9, 2011) ("[T]he borrower is limited to actual damages unless there is a 'pattern or practice of noncompliance.'").

[3] Paragraphs 35 through 40 of the Complaint provide as follows:

> 35.    On or about November 10, 2010, Plaintiffs sent a written request to Defendant identifying themselves and the Note. The request stated that the balance was incorrect and asked for assistance. Defendant responded without any explanation, clarification, or identification of a person to call regarding the Note. Instead, Defendant enclosed some of the payment history on the Note.
>
> 36.    Defendant misapplied payments under the terms of the Note.
>
> 37.    Defendant improperly charged late fees under the terms Note.
>
> 38.    Defendant improperly calculated interest under the terms of the Note.
>
> 39.    Plaintiffs paid for and suffered financial loss due to Defendant's payments misapplication, improper late fees, and improper interest calculation.
>
> 40.    After further arguments with Defendant's representatives, Plaintiffs turned to Chapter 13 bankruptcy to address this and their other financial obligations.

(Compl. ¶¶ 35-40; *see* Pls.' Br. Opp'n to Def.'s Partial Mot. Dismiss 7-8.)

the alleged damages and the RESPA violation." <u>See</u> <u>Torres v. Wells Fargo Home Mortg., Inc.</u>, 2011 WL 11506, at *8 (N.D. Cal. Jan. 4, 2011) ("The plaintiff must include, at the pleading stage, a demonstration of some actual pecuniary loss. The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation.") (citations omitted)); <u>Javaheri v. JPMorgan Chase Bank, N.A.</u>, 2011 WL 97684, at *5 (C.D. Cal. Jan. 11, 2011) (recognizing that withholding of information, without pecuniary and actual damages, is not sufficient to allege "actual damages" under § 2605(f)); <u>Eronini v. JPMorgan Chase Bank, N.A.</u>, 368 F. App'x 841, 842 (9th Cir. 2010) (per curiam) ("The district court properly dismissed the action because [the plaintiff] suffered no damages as a result of the alleged RESPA violation.").

In fact, later in the Complaint, Plaintiffs advances these same allegations as support for their request for an accounting on the loan. (Compl. ¶ 44). ("Defendant breached the terms of the Note when Defendant misapplied payments, improperly charged late fees, and improperly calculated interest."). In other words, Plaintiffs' own Complaint strongly points to these allegation forming the basis for the alleged accounting claim, and not being related to any purported failure to properly respond to a qualified written request.

Further, as with their FDCPA, the Plaintiffs do not cite any case authority in support of their RESPA claim. Nor do the Plaintiffs attempt to distinguish the vast majority of the cases by CitiMortgage, which uniformly hold that failure to allege specific damages, as here, is fatal to a RESPA claim.

Finally, the distinctions Plaintiffs attempt to draw related to <u>Okoye v. Bank of New York Mellon</u>, 2011 WL 3269686 (D. Mass July 28, 2011) should be ignored.[4] The Plaintiffs argue <u>Okoye</u> is distinguishable because the plaintiff in <u>Okoye</u> only cited to § 2609 of RESPA, while

---

[4] <u>Okoye</u> is the only RESPA case of the many cited by CitiMortgage that Plaintiffs attempt to distinguish.

the Plaintiffs here cite to § 2605. This is a disingenuous argument. The <u>Okoye</u> Court spent three paragraphs analyzing whether a viable claim under § 2605 of RESPA was present. In doing so, the <u>Okoye</u> Court cited six (6) cases holding that a REPSA claim is not valid unless the plaintiff alleges specific damages and how those alleged damages relate to the purported RESPA violation. <u>Okoye</u>, 2011 WL 3269686, * 17.  The <u>Okoye</u> Court then concluded by providing that "because the Okoyes fail to allege that they suffered any distinct damages as a result of [defendant's] alleged noncompliance with § 2605(e) of RESPA, and because the statutory damages under § 2605(f) are unavailable, I am satisfied that amending the Complaint to include this claim would be futile." <u>Id.</u> at 18. Thus, any contention by the Plaintiffs that the <u>Okoye</u> Court did not undertake a meaningful analysis of § 2605, or that the case does not support dismissal of Plaintiffs' RESPA, claim is incorrect and should be ignored.

Because the Plaintiffs (1) have not alleged any specific damages related to the purported RESPA violation and (2) have not cited any case authority in support of their claim; and (3) based on the holdings of the numerous cases cited by CitiMortgage, including <u>Okoye</u>, the RESPA claim should be dismissed in its entirety.

**D.** **<u>Plaintiffs' Acknowledge That No Private Right Of Action Exists Under § 2605(i)(3).</u>**

Plaintiffs acknowledge that no private right of action exists under § 2605(i)(3). (*See* Pls.' Br. Opp'n to Def.'s Partial Mot. Dismiss 6.) Consequently, Plaintiffs' claims that CitiMortgage violated § 2605(i)(3) of RESPA, as alleged in Paragraph 56 of the Complaint. should be dismissed.

## CONCLUSION

For all the foregoing reasons and for the reasons stated in CitiMortgage's Memorandum

of Law in Support of Partial Motion to Dismiss, the Court should dismiss Plaintiffs' FDCPA and

RESPA claims with prejudice.

Respectfully submitted this 30th day of November, 2011.

Respectfully Submitted,


s/ Bryan T. Glover
Bryan T. Glover
Georgia Bar No. 993070
bglover@burr.com
John Michael Kearns
Georgia Bar No. 142438
jkearns@burr.com
ATTORNEYS FOR DEFENDANT
CITIMORTGAGE, INC.


BURR & FORMAN LLP
171 Seventeenth Street, N.W.,
Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

1961758 v1

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the <u>30th</u> day of November, 2011:

Michael D. Hurtt
GA Bar No: 380112
mikehurtt@windstream.net

David W. Johnson
GA Bar No: 940310
davidjohnson5@windstream.net
PO Box 1304
Dalton, GA  30722-1304
(706) 226-5425


                                  s/ Bryan T. Glover
                                  OF COUNSEL